UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LISA HERNANDEZ | * | CIVIL ACTION NO.: |
| PLAINTIFF | * | JUDGE: |
| VERSUS | * | MAGISTRATE: |
| EARL THERIOT, JR., INDIVIDUALLY | * | |
| AND IN HIS CAPACITY AS THE | * | |
| CHIEF OF POLICE OF THE TOWN | * | |
| OF SORRENTO | * | |
| DEFENDANTS | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff brings this action seeking monetary damages, punitive damages, attorney's fees and costs against Defendants and alleges the following:

## PARTIES

1. Plaintiff, Lisa Hernanadez (hereinafter referred to as "Hernandez"), was at all times material hereto, a person of the full age of majority and resident of the State of Louisiana, domiciled in Ascension Parish.

2. Defendants herein are Earl Theriot, Jr., a person of the full age of majority and a resident and domiciliary of Ascension Parish, Louisiana Earl Theriot (hereinafter referred to as Defendant Theriot) is being sued individually and in his official capacity as the Chief of Police for the Town of Sorrento. Theriot was at all times relevant to this case the duly elected Chief of Police for the Town of Sorrento. At all times material hereto, Defendant Theriot was responsible for his actions as a law enforcement officer and the actions of those law enforcement officers acting

under his supervision, and to ensure that the public remain free from unlawful violations of their civil rights and their rights under Louisiana law. At all times material hereto, Defendant Theriot and those under his supervision and control were acting under the color of law.

## JURISDICTION

3. This Court has original Subject Matter Jurisdiction over this lawsuit pursuant to 28 USC §§ 1331, 1343, and this court has Supplemental Jurisdiction over all state law claims pursuant to 28 USC § 1367.

4. Plaintiff further invokes jurisdiction of this Court pursuant to the provisions of 42 USC §§ 1983 and 1988.

## VENUE

5. Venue lies in this Court pursuant to 28 USC § 1391 as the events giving rise to this claim occurred within this Judicial District in that the acts which are the subject matter of this litigation occurred while defendants acted under the color of law and that said acts happened within and all defendants reside in this Judicial District, more particularly in Ascension Parish, Louisiana.

## PURPOSE OF ACTION

6. This is an action for damages, punitive damages, attorney's fees and costs. Plaintiff claims that the actions of Defendant Theriot violated her civil rights as guaranteed under the United States Constitution under the Fourth, Eighth and Fourteenth Amendments and for violation of Louisiana tort law under Civil Code Article 2315, as will be shown below.

## FACTS

7. Upon information and belief, on or about November 1, 2013, at approximately 12:53 PM CST, the Ascension Parish Sheriff's Office 911 (herein after referred to as "911") dispatchers received a call from an unknown party about (later determined to be plaintiff Lisa Hernandez) a white female who was reportedly intoxicated and non-responsive at or near R & B Grocery, 9283 Airline Highway, Sorrento, Louisiana (near the corner of LA 22 and Airline Highway).

8. Upon information and belief, Defendant Theriot responded to the call from the 911 dispatcher while on duty and acting in his capacity as a law enforcement officer and the Chief of Police for the Town of Sorrento, this call was of course regarding the intoxicated female referred to in paragraph 7 and that the plaintiff was located at US 61 and LA 22, in Sorrento, Louisiana.

9. Upon information and belief, when Defendant Theriot arrived at US 61 and LA 22 at approximately 1PM CST on November 1, 2013, Defendant Theriot could not find a pulse on Lisa Hernandez.

10. By the time Acadian Ambulance arrived on the scene several minutes later, Defendant Theriot had then located a pulse and he informed Acadian Ambulance that he would take care of plaintiff and Defendant Theriot and that plaintiff was now in his custody.

11. Defendant Theriot then placed plaintiff into the front seat of his police car, plaintiff was not handcuffed at this time, while in the vehicle Defendant Theriot gropes plaintiff repeatedly in a sexual manner.

12. Defendant Theriot proceeded with plaintiff in his police unit to an unknown convenience store where he stopped to purchase vodka for plaintiff (plaintiff did not know that this was Defendant Theriot's intention when the stop occurred).

13. Defendant Theriot then tells plaintiff that he would not bring Plaintiff to jail if she would "help a friend out," and Defendant Theriot proceeds to give plaintiff the vodka and take plaintiff to the Sorrento Police Department headquarters.

14. Defendant Theriot takes plaintiff in through a private entry of the Sorrento Police Department headquarters and then places plaintiff in handcuffs and he removes plaintiff's belt and restrains her with it and forces plaintiff to wait in his office under his desk.

15. Defendant Theriot proceeds to meet with someone, plaintiff was later told that this person he was meeting with was the Mayor of Sorrento, Mike Lambert.

16. During this meeting, plaintiff finds Defendant Theriot's cell phone and calls Dwayne Hingle (plaintiff's boyfriend) and informs him that she is being held against her will.

17. Dwayne Hingle then calls the local authorities in an effort to inform someone of the situation.

18. Dwayne Hingle proceeds to the Sorrento Police Department where he finds Sorrento Police Department Officer Lyndell Aguillard, who informs Dwayne Hingle that he did see plaintiff and that she was alright.

19. At various points in between the hours of 1PM CST and when Plaintiff was released at approximately 5:00PM CST, Defendant Theriot forces plaintiff to perform oral sex on him, while plaintiff is restrained and forced to submit to Defendant Theriot (at no time while in Defendant Theriot's custody was plaintiff able/or free to leave until 5:00PM CST). While in custody plaintiff also suffers the following injuries at the hands of Defendant Theriot:

    a. Assault

  b.  Sexual Assault

  c.  Battery

  d.  Sexual Battery

  e.  Forcible Sexual Battery

20. Defendant Theriot then proceeds to release plaintiff to the care of Dwayne Hingle, at approximately 5:00PM CST, at the Sorrento Police Station.

21. At all times while Lisa Hernandez was in custody she was under the influence of alcohol and incapable of acting with reasonable and prudent judgment because she was severely impaired and Defendant Theriot not only knew this, but contributed to her impairment by purchasing and telling her to drink vodka.

22. Upon Defendant Theriot's returning Plaintiff Lisa Hernandez to the care of Dwayne Hingle at approximately 5:00PM CST, Lisa Hernandez's pants were unbuttoned and unzipped, her belt was handed to Dwayne Hingle by Defendant Theriot along with a partially drunk bottle of vodka. Plaintiff was still drunk and incoherent and she had to be held up by Dwayne Hingle.

23. Since this incident, Defendant Theriot has continuously and incessantly called plaintiff by phone in efforts to attempt see her again, plaintiff has continued to reject the phone calls of Defendant Theriot, but the continued attempts to harass her sexually, have caused great emotional stress and pain and suffering to plaintiff.

24. Since this incident, Defendant Theriot has offered plaintiff money and alcohol and wanted to return "the favor" and he has referred to the incident of November 1, 2013 as "a friend helping out a friend".

## First Cause of Action: 42 USC Section 1983 and 1988 and US Constitutional Amendments IV, VIII and XIV claims against Defendant Theriot

25. Plaintiff reiterates the allegations of Paragraphs 1-24.

26. Defendant Theriot, while acting under color of law, deprived plaintiff of her civil rights secured to her by 42 USC §§ 1983 and 1988 and the Constitution of the United States, including, but not limited to, her Fourth (4th) Amendment right to be free from unreasonable searches and seizures and her right to bodily integrity. Additionally, Plaintiff alleges that Defendant Theriot has in the instant matter violated her 8th and 14th Amendment rights to be free from cruel and unusual punishment (8th) and her due process rights and that such conduct on the part of Defendant Theriot who acted under color of law does shock the conscience and offends human dignity (14th).

27. As a result of this initial incident, Defendant Theriot deliberately violated plaintiff's constitutional and statutory civil rights in knowingly violating and/or recklessly disregarding the rights of plaintiff, and all while Defendant Theriot was acting under color of law and he is, therefore liable for punitive damages.

28. Defendant Theriot is liable to plaintiff for reasonable attorney's fees and costs pursuant to 42 USC § 1988.

## Second Cause of Action: Assault, Battery and Sexual Assault and Battery, Intentional Infliction of Emotional Distress, Sexual Harassment, False Imprisonment and Sexual Abuse Under Louisiana Civil Code Articles 2315

29. Plaintiff reiterates the allegations of 1-28.

30. Defendant Theriot is also liable to plaintiff pursuant to *Louisiana Civil Code Article 2315* for assault and battery, sexual assault and sexual battery, intentional infliction of emotional distress, sexual harassment, false imprisonment, sexual abuse and criminal sexual activity with a person who is not free to consent because of duress and impairment and forcible sexual battery, and all actions having taken place while Defendant Theriot acted under color of law. Further, his actions as described herein constitute a wanton and reckless disregard for the rights and safety of the plaintiff, rendering him liable to plaintiff for punitive damages in addition to general and special damages, as he was at all times herein acting under color of law.

31. Plaintiff has also suffered and continues to suffer severe physical, emotional and psychological damages as a result of the aforementioned violations of her rights, including but not limited to the repeated sexual harassment at the hands of Defendant Theriot through his constant and incessant phone calls to her.

Plaintiff has suffered damages as a result of defendants' violations of *Louisiana Civil Code Article 2315* and under Louisiana Tort law as alleged above.

## DEMAND FOR JURY TRIAL

33. Plaintiff hereby demands a trial by jury on all issues so triable.

WHEREFORE, plaintiff prays that, after due proceedings before a jury on all issues, there be judgment herein in her favor and against Defendant Theriot, individually and in his capacity as Chief of Police for the Town of Sorrento:

(1) declaring that the actions of defendants violated plaintiff's rights under the laws and Constitution of the United States ;

(2) awarding plaintiff compensatory damages, including damages for pain and suffering, mental anguish, humiliation, and medical and psychological/psychiatric treatment;

(3) awarding plaintiff punitive damages;

(4) awarding plaintiff attorney's fees and costs under 42 USC § 1988;

(5) awarding plaintiff such other relief as is just and equitable under the circumstances.

Respectfully Submitted:

_____

Law Offices of Wilson & Wilson, LLC

Charles Connell Wilson (LBR# 13551)

Tregg Connell Wilson (LBR# 27328)

8550 United Plaza Boulevard, Suite 702

Baton Rouge, LA 70809
Telephone: (225) 663-1900
Facsimile: (225) 922-4550
E-mail: treggc@yahoo.com

Please Serve:

Sorrento Police Department and

Chief Earl Theriot, Jr.,

Individually and in his capacity as the

Chief of Police for the Town of

Sorrento, 8173 Main Street, Sorrento, LA

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LISA HERNANDEZ | * | CIVIL ACTION NO.: |
| Plaintiff | * | JUDGE: |
| VERSUS | * | MAGISTRATE: |
| TOWN OF SORRENTO, SORRENTO | * | |
| PARISH CHIEF OF POLICE EARL | * | |
| THERIOT, JR. | * | |
| Defendants | * | |

*************************************

## VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared Lisa Hernandez, who, after being duly sworn did depose and say that:

1. She is of the full age of majority and competent to provide this affidavit.
2. Upon information and belief, all facts set forth herein are true and correct.
3. She has read the foregoing complaint for damages and demand for jury trial and attests that the allegations made therein are true, accurate and complete and are based on her personal knowledge of the facts stated therein.

_____
LISA HERNANDEZ

Sworn to and subscribed before me on this the 10th day of January, 2014.

_____