UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LISA HERNANDEZ

VERSUS

EARL THERIOT, ET AL.

CIVIL DOCKET NUMBER

14-42-SDD-SCR

## RULING

I. FACTUAL BACKGROUND AND ISSUES PRESENTED

Plaintiff alleges that, while she was in a severely inebriated condition, Sorrento Police Chief Earl Theriot, Jr. took her into custody and sexually molested her. The Plaintiff alleges that, on or about November 1, 2013, a 911 dispatcher received a call about an intoxicated and unconscious white female near the R&B Grocery in Sorrento, Louisiana. The Sorrento Police Chief, Earl Theriot, Jr., who was on duty and in uniform, responded to the call. EMS and Acadian Ambulance both responded. Upon EMS arrival, Theriot told them that he would take care of Plaintiff and that he was taking her into custody. Thereafter, Plaintiff was placed uncuffed in the front seat of Theriot's police cruiser. Plaintiff alleges that, once in the police cruiser, Theriot sexually groped her. In route to police headquarters, Theriot allegedly stopped at a local liquor store and purchased vodka which he allegedly gave to the Plaintiff. Theriot then allegedly took the Plaintiff to police headquarters, placed Plaintiff under his desk, and forced her to perform oral sex on him several times between the hours of 1:00 p.m. and 5:00 p.m. Plaintiff was inebriated and unconsenting. At some point during the ordeal, Plaintiff located a phone and contacted her boyfriend, Dwayne Hingle, and told him she was

being held against her will. Hingle picked the Plaintiff up from the police station at around 5:00 p.m.

Plaintiff filed this Section 1983 action against Sorrento Police Chief Earl Theriot, Jr. in both his individual and official capacities. A suit against a municipal Police Chief in his/her official capacity is a suit against the municipality.[1] When a plaintiff sues a municipal official in his/her official capacity, the municipality is liable for the resulting judgment.[2] Hence, Sorrento has moved for dismissal of the Plaintiff's official capacity claims pursuant to FRCP 12(b)(6). Sorrento maintains that dismissal is warranted because Theriot was not the final decision maker and the sexual assault (which he denies) did not occur pursuant to official policy of the municipality.

Rule 12(b)(6) measures the sufficiency of the plaintiff's allegations. The court accepts "all well-pleaded facts as true"[3] and liberally construes all factual allegations in the light most favorable to the plaintiff.[4] However, the court is "not bound to accept as true a legal conclusion couched as factual allegation."[5] Rather, plaintiff's factual allegations are examined to ensure that they are "enough to raise a right to relief above the speculative level."[6] Therefore, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]

---

[1] *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996).
[2] *Id.*
[3] *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).
[4] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Lowery v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).
[5] *Randall D. Wolcott, M.D., PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).
[6] *Id.* (quoting *Twombly*, 550 U.S. at 555).
[7] *Id.* (quoting *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)).

## II. LEGAL ANALYSIS

The seminal case on municipal liability under 42 USC § 1983 is *Monell v Dept. of Social Services of the City of New York*.[8] In *Monell*, the United State Supreme Court held that Congress intended municipalities and other local government units to be included among those "persons" to whom Section 1983 applied.[9] Therefore, local governing bodies and local officials, in their official capacities, may be liable under Section 1983 under circumstances in which the alleged unconstitutional act implements or executes a policy, ordinance, regulation, or decision officially adopted or promulgated by those whose edicts or acts represent official policy. In addition, local governments, like every other Section 1983 "person," may be sued for constitutional deprivations visited pursuant to governmental "custom," even though such custom has not received formal approval through the government's official decision making channels.[10]

However, the Court held that a municipality may not be held liable solely because it employs a tortfeasor.[11] In other words, a municipality cannot be held liable under Section 1983 on a *respondeat superior* theory. Instead, it is when injury is inflicted by execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, that the government as an entity is responsible under Section 1983.[12]

"[A] single decision may create municipal liability if that decision [was] made by a final policymaker responsible for that activity."[13] "State law determines whether a

---

[8] 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
[9] *Id.* at 690.
[10] *Id.* at 690-91.
[11] *Id.* at 691.
[12] *Id.* at 694.
[13] *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996), *citing Brown v. Bryan County, Oklahoma*, 67 F.3d 1174, 1183 (5th Cir.1995); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124–25, 108 S.Ct. 915, 924–25,

3

particular individual is a county or municipality final decision maker with respect to a certain sphere of activity."[14] The question is whether Earl Theriot is the final law enforcement policy-maker for the Town of Sorrento. The United States Supreme Court instructs that "the identification of those officials whose decisions represent the official policy of the local governmental unit is itself a legal question to be resolved by the trial judge *before* the case is submitted to the jury.[15]

The Lawrason Act, adopted in 1898 provides that "[a]ll municipalities shall be governed by the provisions of this [Act] except those municipalities governed by a special legislative charter or a home rule charter or plan of government adopted pursuant to Article VI of the Constitution of Louisiana."[16] The Town of Sorrento is not subject to a special legislative charter or home rule charter plan of government. Accordingly, Sorrento is a Lawrason Act municipality.[17] The state law at the time of the subject incident provided that: "The officers of every [Lawrason] municipality shall be a mayor, aldermen, a chief of police, a tax collector, and a clerk. . . . The mayor and chief of police in all municipalities shall be elected at large."[18] It is undisputed that Earl Theriot was the elected Police Chief of Sorrento. Pursuant to La. Rev. Stat. Ann. § 33:423A, "the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws."

---

99 L.Ed.2d 107 (1988); *Turner v. Upton County, Texas*, 915 F.2d 133, 136–37 (5th Cir.1990), *cert. denied*, 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991).
[14] *Id.* at 586.
[15] *Jett v. Dallas Independent School District*, 491 U.S. 701,737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989); *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 752 (5th Cir. 1993)(emphasis added).
[16] La. Rev. Stat. Ann. § 33:321
[17] See, La. Att'y Gen. Op. No. 09-0013 (Jan. 27, 2010).
[18] La. Rev. Stat. Ann. § 33:381 (But *see*, 2014 La. Sess. Law Serv. Act 605 (West)).

The Court finds that Police Chief Earl Theriot was the final decision maker with respect to law enforcement in Sorrento, and the alleged unconstitutional acts arose in connection with the Defendant's exercise of his law enforcement authority. The Plaintiff's Complaint,[19] which the Court accepts as true at this stage of the proceedings, alleges that Theriot responded to a report of a non-responsive, possibly intoxicated female, and that when EMS arrived, Theriot "informed Acadian Ambulance that he would take care of Plaintiff and that [she was] in his custody."[20] These factual allegations suggest that Theriot was regarded by responders as having final decision making authority with respect to custody of the allegedly unresponsive, inebriated Plaintiff.

"It is well established that a municipality may be held liable for 'course[s] of action tailored to a specific situation and not intended to control decisions in later situations,' provided that 'the decision to adopt that particular course of action is properly made by that government's authorized decision makers.'"[21] When the person who committed the challenged act is in charge of policymaking in that part of the government, "'policy' can sometimes be found to have been established by the very act itself."[22] Thus, a municipality may be liable for even a single act or decision if it is made by a final policymaker responsible for that activity or decision if that action "was the moving force behind and direct cause of the alleged injury."[23] Without doubt, Theriot's alleged conduct was ultravires, but the fact that sexual assault is not a legitimate law

---

[19] Rec. Doc. 1.
[20] Rec. 1, ¶ 10
[21] *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 754 (5th Cir. 1993) citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986).
[22] *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005).
[23] *Bd. Of Comm'rs v. Bryan County, Okla. v. Brown*, 520 U.S. 397, 404-05, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *see also Williams v. Kaufman County*, 352 F.3d 994, 1013, 1014 & n. 66 (5th Cir. 2003).

enforcement function does not control the outcome. Rather, "[w]hen the official representing the ultimate repository of law enforcement power in the [municipality] makes a deliberate decision to abuse that power to the detriment of its citizens, [municipal] liability under section 1983 must attach, provided that the other prerequisites for finding liability under that section are satisfied."[24]

III. CONCLUSION

The Plaintiff has plead facts, which if true, raise a plausible right to relief under 42 USC 1983 against the Town of Sorrento for the official capacity acts of its Police Chief Earl Theriot, Jr. Therefore, the Town of Sorrento's *Motion to Dismiss for Failure to State a Claim*[25] is hereby DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana the 4 day of August, 2014.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[24] *Turner v. Upton County, Texas*, 915 F.2d 133, 138 (5th Cir.1990), *cert. denied*, 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991).
[25] Rec. Doc. 10.