UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | FILED: 5/16/2016 |
| LISA HERNANDEZ | * | CIVIL ACTION NO. 3:14-CV-42-SDD-EWD |
| VERSUS | * | JUDGE SHELLY D. DICK |
| EARL THERIOT, ET AL. | * | MAGISTRATE ERIN WILDER-DOOMES |

*************************************************************************

**MEMORANDUM IN SUPPORT OF
MOTION *IN LIMINE* BY DEFENDANT EARL THERIOT
TO EXCLUDE
PREVIOUSLY UNDISCLOSED WITNESS**

**MAY IT PLEASE THE COURT:**

Defendant, Earl Theriot, submits this Memorandum in Support of his Motion *in Limine* to Exclude Previously Undisclosed Witness. Because Plaintiff failed to previously disclose witness Special Agent Kobey McCall ("Agent McCall") in either her initial disclosures or her Answers to Defendant's Interrogatories and because Defendant learned that this witness would be called at trial only on May 3, 2016 from Plaintiff's Pretrial Inserts, Agent McCall should be excluded from testifying at the trial scheduled for June 6, 2016. Plaintiff should also be ordered to pay Mr. Theriot's reasonable costs and attorney's fees associated with bringing this motion.

**I.      BACKGROUND:**

**A.      Factual history.**

Lisa Hernandez asserts claims under 28 U.S.C. § 1983 for damages including personal injuries that allegedly occurred on November 1, 2013 stemming from her claims that former Sorrento Police Chief, Earl Theriot, falsely imprisoned and sexually extorted her while she was

in his custody in his office in the Sorrento Town Hall. Ms. Hernandez impleaded Mr. Theriot and the Town of Sorrento as the defendants in this case.[1]

**B.      Procedural History.**

The case is set for a Final Pretrial Conference on May 17, 2016 and set for a bench trial on June 6, 2016. On May 3, 2016, Plaintiff Lisa Hernandez submitted her Pretrial Inserts to Defendants when Defendants learned for the first time that Plaintiff intended to call Special Agent Kobey McCall as a witness.

On January 17, 2014, Ms. Hernandez initiated the present suit by filing her complaint in the United States District Court for the Middle District of Louisiana against Mr. Theriot, individually, and in his capacity as police chief for the Town of Sorrento. Ms. Hernandez then amended her complaint on February 26, 2014 for the purpose of adding the Town of Sorrento, Mike Lambert, and Risk Management, Inc., as defendants.[2]

On September 5, 2014, the parties participated in a telephone scheduling conference and the Court issued a Scheduling Order setting March 16, 2015 as the deadline for fact discovery.

On December 15, 2014, the Town of Sorrento filed a Motion to Withdraw Consent to Magistrate, Continue Trial and Re-Set Trial Date and Scheduling Order with Consent as a result of a scheduling conflict with the original trial date. The Court granted the Motion the following day. On January 7, 2015, the parties participated in another telephone scheduling conference and the Court produced an Amended Scheduling Order. The Amended Scheduling Order set May 15,

---

[1] On August 5, 2014, this Honorable Court found that Chief Theriot was the Town of Sorrento's policymaker and denied the Town of Sorrento's Motion to Dismiss the Town of Sorrento.

[2] On July 28, 2014, the Court granted the Town of Sorrento's Motion to Dismiss Risk Management, Inc., and Mike Lambert.

2

2015 as the fact discovery deadline and required the Plaintiff to disclose "persons who may be used at trial to present evidence under Rules 702, 703 or 705, Fed.R.Evid., by May 1, 2015."

On April 24, 2015 Ms. Hernandez filed a Consent Motion to Extend Deadlines or Alternative Request for a Telephone Status Conference requesting an extension of discovery deadlines in consideration of the fact that counsel for the Town of Sorrento had been in an automobile accident and would not be able to "adequately address the discovery aspects in this case." The Court granted the Motion in part and re-set the fact discovery deadline to August 14, 2015 and required the Plaintiff to disclose all witnesses by July 31, 2015.

On June 24, 2015, counsel for Mr. Theriot submitted his First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents ("Mr. Theriot's Discovery Requests") to counsel for Lisa Hernandez, Tregg C. Wilson ("Mr. Wilson"). Also on June 24, 2015, Mr. Wilson requested that the written discovery be sent to him in Microsoft Word format. Undersigned counsel sent Mr. Theriot's Discovery Requests to him in Microsoft Word format on June 24, 2015 *via* electronic mail. Mr. Wilson answered Mr. Theriot's Requests for Admissions on July 21, 2015 *via* electronic mail. Mr. Wilson answered Mr. Theriot's Interrogatories on August 1, 2015 *via* electronic mail. Interrogatory No. 1 and Plaintiff's response thereto read as follows:

> **Interrogatory No. 1**:
>
> Please list the full names, complete addresses, email addresses, and telephone numbers of each person whom you intend to call as a witness at the trial of this matter, and designate which persons, if any, will be called as expert witnesses. For each witness identified, please state in detail the substance of which they will be testifying on your behalf. For every expert witness, please list their fields of expertise.
>
> **Answer to Interrogatory No. 1**:

1. Dwayne Hingle, fact witness, 12447 Camelia Court, St. Amant, LA, 225-450-7358.

2. Lyndell Aguillard, fact witness, 38259 Highway 621, Lot 2, Gonzales, LA, 225-253-4959.

3. Earl Theriot, defendant, 225 -268-9003, 7502 Eva Street, Sorrento, LA.

4. Vickie Dupuy, 225-270-2769, 43426 Brittany Street, Sorrento, LA, fact witness.

5. Lynette Diez, 225-715-1789, 3309 Percy Lane, Sorrento, LA, fact witness.

6. Ginger Tate, 225-335-7180, 44557 Gold Place Rd, St. Amant, LA, fact witness.

7. Sorrento Mayor Mike Lambert, 225-675-5337, 8173 Main Street, Sorrento, LA, fact witness.

8. Linda Narcisse, Counselor for Plaintiff, 225-621-5775, 1112 SE Ascension Complex Avenue, Gonzales, LA.

9. Dr. Ross Gallo, Psychiatrist for Plaintiff, 225-621-5775, 1112 SE Ascension Complex Avenue, Gonzales, LA.

10. Randy Anny, 225-562-9937, 8168 Everett Street, Sorrento, LA, fact witness.

11. Any Witness listed or called upon to testify by any other party.

**See: Exhibit "A" attached hereto, First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents Propounded to Lisa Hernandez by Earl Theriot, p. 7 of 10; Exhibit "B" attached hereto, Answers to Interrogatories, p. 1-2 of 6.** Mr. Wilson failed to list or otherwise disclose Kobey McCall as a witness until May 3, 2016, only 36 days before trial.

## II. LAW AND ARGUMENT:

### A. Standard for granting relief under FED. R. CIV. PROC. art. 37.

Federal Rule of Civil Procedure 26 requires a party to provide certain initial disclosures automatically, including "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use

4

would be solely for impeachment." See: Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26 also requires that a party supplement its initial disclosures throughout the course of litigation at appropriate intervals whenever it learns that the information originally provided turns out to be incomplete or incorrect. See: Fed. R. Civ. P. 26(e)(1). Finally, Rule 26 requires that a party amend a prior response to an interrogatory, request for production, or request for admission "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." See: Fed. R. Civ. P. 26(e)(1)(a); Neothermia Corp. v. Rubicor Med., Inc., 345 F. Supp. 2d 1042, 1045 (N.D. Cal. 2004) (supplements to initial disclosures under Rule 26(e) must be made promptly.); Fed. R. Civ. P. 26 Advisory Committee's Note (supplementations should be made with special promptness as the trial date approaches).

Compliance with Rule 26 is enforced through Fed. R. Civ. Proc. 37. Rule 37 provides that any party that:

> [W]ithout substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

See Fed. R. Civ. P. 37(c)(1). Exclusion of any evidence that was not disclosed timely in accordance with Rule 26 is "automatic and mandatory" unless the sanctioned party can show that its violation of Rule 26 was either justified or harmless. Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996).

### B. Plaintiff's Rule 26 violations are neither justified nor harmless.

Mr. Theriot cannot effectively cross-examine Agent McCall because Plaintiff did not

previously disclose that she intended him to testify. The Fifth Circuit applies a four-part test to determine whether evidence that was not disclosed timely should be excluded under Rule 37:

> In evaluating whether a violation of rule 26 is harmless, and thus whether the district court was within its discretion in allowing the evidence to be used at trial, we look to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.

Texas A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 401-02 (5th Cir. 2003) (citations omitted.). While conceding the importance of the witness, Mr. Theriot submits that he is severely prejudiced by the Plaintiff's failure to name Agent McCall. There is no justifiable excuse for Plaintiff's failure to timely name this witness, nor is there any explanation aside from simple carelessness. At this stage of these proceedings, there is also no reasonable potential for a continuance. Plaintiff is attempting trial by surprise, trial by ambush, and on these bases, the witness should be excluded.

### III.  CONCLUSION:

Plaintiff failed to notify Defendant, Earl Theriot, of her intention to call Agent Kobey McCall as a witness until long after the deadline for doing so had passed, making it impossible for Mr. Theriot to prepare for Agent McCall's appearance at trial. This witness should therefore be excluded from testifying at the trial scheduled for June 6, 2016.

>  **Respectfully submitted this 16th day of May, 2016.**
> **By:** **The Law Office of Sally Dunlap Fleming, P.L.C.**
>
> */s Sally D. Fleming*
> **SALLY D. FLEMING, T. A., Bar Roll No. 20814**
> **OWEN M. COURREGES, Bar Roll No. 31113**
> **818 Howard Avenue, Suite 305**
> **New Orleans, LA 70113**
> **Telephone: (504) 891- 3090**
> **Telecopier: (504) 895-5190**
>
> **Attorneys for Earl Theriot, individually.**

## RULE 37 CERTIFICATION

I, Sally Dunlap Fleming, do hereby certify that on May 16, 2016, I contacted Tregg C. Wilson by telephone to request that he amend his witness list to exclude Special Agent Kobey McCall as a trial witness because Mr. Wilson had failed to disclose to Mr. Theriot's counsel that Agent McCall was going to be a witness for Plaintiff. Mr. Wilson acknowledged the he had failed to disclose the witness and was not certain as to whether he would oppose the Motion *in Limine*.

> */s Sally D. Fleming*
> **SALLY DUNLAP FLEMING**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 16th day of May, 2016, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to the following:

Mr. Charles Connell Wilson
Wilson & Wilson
8550 United Plaza Boulevard, Suite 702
Baton Rouge, LA 70803

Mr. Tregg C. Wilson
Wilson & Wilson
8550 United Plaza Boulevard, Suite 702
Baton Rouge, LA 70803

Mr. Scott Thomas
700 N. 10th St
Baton Rouge, LA 70802

                                              */s Sally D. Fleming*
                                           **SALLY DUNLAP FLEMING**