UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| **LISA HERNANDEZ** | * | FILED: | 5/29/2016 |
|     Plaintiff | * | DOCKET: | 3:14-CV-0042-SDD-EWD |
| | * | JUDGE: | SHELLY D. DICK |
| **VERUS** | * | MAG.: | ERIN WILDER-DOOMES |
| | * | | |
| **EARL THERIOT, ET AL** | * | | |
|     Defendants | * | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S PRETRIAL MEMORANDUM**

Plaintiff Lisa Hernandez appearing herein through undersigned counsel does hereby submit the following pretrial memorandum in the above referenced matter, which is currently set for bench trial on June 6, 2013.

**I.   JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 USC Sections 1331, 1343, and 1367, and 42 USC Sections 1983 and 1988, in that Defendants were at all times pertinent hereto responsible for their acts 'under color of law'

**II.   STATEMENT OF THE FACTS OF THE CASE**

On November 1, 2013, Plaintiff Lisa Hernandez met Defendant Theriot for the first time. Theriot was the Police Chief for the Town of Sorrento and he responded to a call for service regarding Plaintiff who was drunk in public. Theriot then detained Plaintiff and brought her to his office. Theriot forced Plaintiff against her will to perform sexual acts for him. Plaintiff was not able to offer voluntary consent to Theriot's sexual advances (even if she would have wanted to) due to her diminished capacity as she was heavily intoxicated. Theriot did not allow Plaintiff to say no to his advances, he detained Plaintiff against her will, he admonished her for attempting to

call for help, he further restrained her physically after she called for help, and he treated her inhumanely once he finished his business meeting. Theriot then forced Plaintiff against her will to perform for him sexually. Theriot lied about and forced Plaintiff to lie about how she arrived at his office. Plaintiff did not think that anyone would believe her story and so she took a couple of items she found in Theriot's office.

Once Plaintiff was home and sober, she realized that the items she took might be necessary for the administration of justice (the keys appeared to be for a jail cell or Police Office). Plaintiff attempted to return the items via phone call and Theriot attempted to have sex with her again. Plaintiff runs into a Police Officer whom she does not recognize, but during a conversation with said officer Plaintiff realizes that she does not want to see anyone else taken advantage of by Theriot. Plaintiff tells credible law enforcement authorities about the matter and they question Theriot about it. Theriot lies regarding the matter and it results in his criminal conviction. Plaintiff suffers from severe anxiety, severe and debilitating depression, extreme humiliation and embarrassment, extreme difficulty sleeping, alcohol dependency and severe mental anguish as a result of the incident.

### III.   QUANTUM

Plaintiff cites the following cases regarding the issue of quantum:

1.   $1,105,000 awarded in Louviere v. Louviere, 2001-0089 (La. App 1 Cir. 2002), 839 So.2d 57. Deputy Sheriff pulls over a female motorist and forces himself upon her, whereby committing unspecified sexual crimes against her. Jury awarded woman $255,000 for physical pain and suffering, $637,500 for mental pain and suffering, embarrassment, and humiliation, $212,500 for loss of enjoyment of life, $21,000 for lost wages, and $22,000 for medical expenses.

2. $1,000,000 awarded in Bennett v. Pippin, 74 F.3d 578 (5th Cir. Tex. 1996). Sheriff goes to Plaintiff's home to question her after she was arrested regarding a domestic dispute. Plaintiff claimed the Sheriff then proceeded to rape her. At a bench trial, judge awards Plaintiff $1,000,000 in compensatory damages and an additional $1,000,000 in punitive damages. However the judgment was reversed and a new trial was ordered on the grounds that the county had not properly waived its right to a jury trial.

## IV.   CONCLUSION

Upon conclusion of the trial of this matter Plaintiff will prove that Defendants did violate her constitutional rights while acting 'under color of law' and she should be awarded damages for the wrongful acts of Defendants as allowed by law.

**RESPECTFULLY SUBMITTED:**

*Tregg C. Wilson*
**TREGG C. WILSON (#27328)**
**CHARLES C. WILSON (#13511)**
**8550 UNITED PLAZA BLVD, SUITE 702**
**BATON ROUGE, LA 70809**
**225-663-1900 Fax 225-922-4550**

## CERTIFICATE OF SERVICE

This is to certify that on May 29, 2016, the above and foregoing pleading in the above captioned matter has been sent to all counselors of record via email, along with the same having been filed via CM/ECF system.

*Tregg C. Wilson*
**TREGG C. WILSON**