UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| **LISA HERNANDEZ** | * | FILED: | 5/29/2016 |
| Plaintiff | * | DOCKET: | 3:14-CV-0042-SDD-EWD |
| | * | JUDGE: | SHELLY D. DICK |
| **VERUS** | * | MAG.: | ERIN WILDER-DOOMES |
| | * | | |
| **EARL THERIOT, ET AL** | * | | |
| Defendants | * | | |

**************************************************************************

# PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Lisa Hernandez appearing herein through undersigned counsel does hereby submit the following proposed findings of fact and conclusions of law regarding the trial of the above referenced matter, which is currently set to be heard on June 6, 2013.

## PROPOSED FINDINGS OF FACT

Plaintiff Lisa Hernandez submits the following proposed findings of fact:

1. On November 1, 2013, Defendant Earl Theriot was the duly elected Chief of Police for the Town of Sorrento (See testimony of Plaintiff).

2. On November 1, 2013, Plaintiff Lisa Hernandez was heavily intoxicated and passed out in front of the business known as 61 Junk Street, in Sorrento, Louisiana (See Plaintiff's Exhibit 1-3).

3. On November 1, 2013, Defendant Earl Theriot received a call for service from Ascension Parish Sheriff's Office Dispatch regarding Plaintiff being drunk in public at 61 Junk Street (See Plaintiff's Exhibit 2).

4. Theriot responded to said call as he was on duty, in uniform, in his police unit (See Plaintiff's Exhibit 3).

5. Upon Theriot's arrival he could not find a pulse on Plaintiff, but he called off Acadian Ambulance after Plaintiff regained consciousness (See Plaintiff's Exhibit 13-15).

6. Theriot quickly devised a plan to take advantage of Plaintiff's state to take advantage of her sexually, under threat of jail (See testimony of Plaintiff).

7. Theriot encouraged Plaintiff to continue to drink alcohol while she was in his care (See testimony of Plaintiff).

8. Theriot did take Plaintiff to his office and detained her against her will, he restrained her and falsely imprisoned her for an unknown amount of time before completing his business with the Mayor for the day (See Plaintiff's Exhibit 15).

9. Theriot then forced Plaintiff to perform for him sexually for an unknown amount of time (See testimony of Plaintiff).

10. During this incident, several interruptions occurred and Theriot lied to APSO Dispatch and other law enforcement officers in order that he might continue to molest Plaintiff and hold her against her will (See testimony of Plaintiff).

## PROPOSED CONCLUSIONS OF LAW

Plaintiff cites the following case law to support her proposed conclusions of law:

1. The physical touching of Plaintiff by Theriot was not consented to, nor was she free to offer her consent under the circumstances. U.S. v. Mendenhall, 446 U.S. 544, 554; 100 S.Ct. 1870, 1877; 64 L.Ed.2d 497 (1980).

2. Plaintiff was not free to consent, as consent must be voluntary and not the result of duress or coercion. Schneckloth v. Bustamonte, 412 U.S. 218, 248; 93 S.Ct. 2041, 2058; 36 L.Ed.2d 854 (1973).

3. "Consent" that is the product of official intimidation or harassment is not consent at all. Plaintiff did not forfeit her constitutional rights when she was coerced to comply with Theriot's advances. Florida v. Bostick, 501 U.S. 429, 437; 111 S.Ct. 2382; 115 L.Ed.2d 389 (1991).

4. The burden of showing consent having being given is on the Defendant. Buffkins v. Omaha, 922 F.2d 465, 469 (8th Cir. 1990).

5. Theriot's failure to testify should be held against him, as the Fifth Amendment permits adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them. Baxter v. Palmigiano, 425 U.S. 308, 318-9; 96 S.Ct. 1551, 1557-8; L.Ed.2d 810 (1976).

**RESPECTFULLY SUBMITTED:**

*Tregg C. Wilson*
**TREGG C. WILSON (#27328)**
**CHARLES C. WILSON (#13511)**
**8550 UNITED PLAZA BLVD, SUITE 702**
**BATON ROUGE, LA 70809**
**225-663-1900 Fax 225-922-4550**

## CERTIFICATE OF SERVICE

This is to certify that on May 29, 2016, the above and foregoing pleading in the above captioned matter has been sent to all counselors of record via email, along with the same having been filed via CM/ECF system.


**TREGG C. WILSON**