# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LISA HERNANDEZ** | **CIVIL ACTION NO.: 3:14-CV-42-SDD-SCR** |
| **VERSUS** | **JUDGE SHELLY D. DICK** |
| **EARL THERIOT, ET AL.** | **MAGISTRATE JUDGE WILDER-DOOMES** |

### TOWN OF SORRENTO'S PROPOSED FINDINGS OF FACT
### AND CONCLUSIONS OF LAW

Defendant, the Town of Sorrento, through undersigned counsel, hereby submits the following proposed findings of fact and conclusions of law regarding the trial of the above referenced which is currently scheduled for June 6-7, 2016.

## PROPOSED FINDINGS OF FACT

The Town of Sorrento submits the following proposed findings of fact:

1. The Town of Sorrento is a municipality located in Ascension Parish in the State of Louisiana and is governed by the Lawrason Act (La. R.S. 33:321, *et seq.*)

2. Under the Lawrason Act, the Chief of Police is an elected position. As such, the Mayor and the Town Council do not have the authority to control the day to day operations of the Police Department. The Town Council only has authority over the Department's budget and the hiring and firing of the officers because they are Town employees. The remainder of the operations of the Department are controlled by the Chief under the Lawrason Act.

3. The citizens of the Town of Sorrento elected Earl Theriot to be their Chief of Police to enforce and uphold the laws of the State of Louisiana and of the United States

within their municipality and Mr. Theriot was the Chief of Police for the Town of Sorrento and at all relevant times of this case.

4. The alleged decisions and acts of Earl Theriot on or about November 1, 2013 were personal in nature and did not represent a policy of the Town of Sorrento.

5. Regarding the alleged acts of Earl Theriot that serve as the basis for this suit, Mr. Theriot did not have final policymaking power such that he could make a policy to condone the alleged acts of sexual abuse he committed which if true as alleged by their nature violated the very laws he was elected to uphold and enforce.

6. There was nothing in the alleged acts of Earl Theriot that could have advanced any conceivable job function or policy goal or interest of the Town.

## **PROPOSED CONCLUSIONS OF LAW**

The Town of Sorrento cites the following case law as its proposed conclusions of law:

1. In order to prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove:

   (1) Actions taken under the color of law;

   (2) Deprivation of a constitutional or statutory right;

   (3) Causation;

   (4) Damages; and

   (5) That an official policy of the municipality caused the constitutional injury. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

2.    The Supreme Court has made clear that a "municipality cannot be made liable" under section 1983 for acts of its employees "by application of the doctrine of *respondeat superior*." *Pembaur v City of Cincinnati*, 475 U.S. 469, 478, 106 S. Ct. 1292, 89 L.Ed.2d 452 (1986).

3.    A municipality may not be found liable simply because one of its employees committed a tort. Therefore, the plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury. *Bd. Of County Comm'rs v Brown,* 520 U.S. 397, 404-05, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997).

4.    Where a plaintiff seeks to hold a municipality liable for a "single decisions by [a] municipal policymaker[ ]," *Pembaur*, 475 U.S. at 480, the plaintiff must show that the official had final policymaking power, also see *City of St. Louis v Praprotnik*, 485 U.S. 112, 123, 108 S.Ct. 915, 924-25, 99 L.Ed.2d 107 (1988) (explaining that "only those municipal officials who have 'final policymaking authority' may by their actions subject the government to 1983 liability"). Moreover, the challenged actions must be within that official's area of policymaking authority. Id. (explaining that, pursuant to *Pembaur* "the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the city's business").

5.     Even if advancing an otherwise legitimate policy goal in an illegal or unauthorized

manner can, under some circumstances, fall within official policymaking, advancing

a purely personal agenda clearly cannot.  *Roe v. City of Waterbury*, 542 F.3d 31, 40

(2d Cir. 2008).

**Respectfully submitted,**

 s/ J. Scott Thomas                                    

**J. Scott Thomas (La. Bar Roll No. 22635)**
700 North 10th Street, Suite 440 (70802)
Post Office Box 4327
Baton Rouge, Louisiana  70821
Telephone: (225) 344-5001
Facsimile:  (225) 336-5277
Email: sthomas@lma.org
***Attorney for the Town of Sorrento***

**<u>CERTIFICATE</u>**

I hereby certify that on May 31, 2016, a copy of the above was filed electronically with the

Clerk of Court using the CM/ECF system. Notice of this filing will be sent to plaintiff and any

counsel of record by operation of the court's electronic filing system as well as via email at their

given email addresses.

s/ J. Scott Thomas                                         
J. Scott Thomas (La. Bar Roll No. 22635)