UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LISA HERNANDEZ | * | CIVIL ACTION#: 3:14-cv-42-SDD-SCR |
| VERSUS | * | JUDGE Hon. Shelly D. Dick |
| EARL THERIOT, JR., INDIVIDUALLY | * | MAGISTRATE: Erin Wilder-Doomes |
| AND IN HIS CAPACITY AS CHIEF | * | Date: 8/29/2016 |
| OF POLICE OF THE TOWN OF | * | |
| SORRENTO | * | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL, OR IN THE ALTERNATIVE FOR AN ADDITUR

NOW INTO COURT, through undersigned counsel, comes Plaintiff Lisa Hernandez, who, with respect, hereby submits the following Memorandum in Support of Motion for a New Trial on Compensatory damages or, alternatively, for Additur, under FRCP 59 and hereby states as follows:

### A. Brief Factual Background and Procedural History

1. On January 17, 2014, Lisa Hernandez (hereinafter "Plaintiff") brought this action under 42 USC 1983, and she later filed the amended petition filed on February 26, 2014, against Defendants Earl Theriot and the Town of Sorrento for damages pursuant to Defendants' actions while acting under color of law and by which Defendant violated the civil rights of Plaintiff while Defendant was the Chief of Police for the Town of Sorrento.

2. On August 1, 2016, this court entered judgment in favor of Plaintiff following a bench trial that was held on June 6, 2016, wherein Plaintiff was awarded the sum of $15,000.00 for compensatory damages against the Defendants Theriot and the Town of Sorrento and the sum of $35,000.00 for punitive damages against the Defendant Theriot.

1

3. It is from the compensatory damage award that Plaintiff now moves for new trial, or in the alternative moves this court for an additur, due to both the inadequacy of said award, and/or manifest error in the failure to find that Plaintiff succeeded in proving the elements of an Intentional Infliction of Emotional Distress.

4. In the Court's Ruling (Document 86, page 10, lines 1-4) the court states:

"The evidence in this case established that Theriot intended the offensive and harmful sexual contact, but the Court cannot conclude without speculation that Theriot's intent was to inflict severe emotional distress on Plaintiff."

5. It is not disputed that Theriot refused to testify regarding these matters, instead he elected to invoke his Fifth Amendment right to be free from self-incrimination (See Trial transcript page 279, line 4 through page 282, line 6).

## LAW AND ARGUMENT

This Honorable Court's ruling (Document 86, page 9, lines 6-8) shows that one can be held liable for the Intentional Infliction of Emotional Distress of an individual if the Defendant was substantially certain that such distress would result from his conduct. In this case, the court has found that the uncontroverted evidence easily satisfies the first two elements for IIED (See Document 86, page 9, line 13):

(1) the defendant's conduct was extreme and outrageous;

(2) the plaintiff suffered severe emotional distress;

To allow the defendant to escape liability under the theory of IIED when the defendant refuses to testify as to his state of mind is to unjustly deny this cause of action to plaintiff. The idea that plaintiff may not be allowed to recover damages for IIED, when the court finds that punitive damages are warranted against Defendant Theriot for violating Plaintiff's civil rights appears to be wrong on

its face. The courts have found that punitive damages may be awarded "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640 (1983). In finding Defendant Theriot liable for punitive damages (which requires the element of intent, recklessness, or callous indifference) it seems illogical to then disallow damages for IIED when the only element preventing said recovery was (3) that Theriot desired or was substantially certain that the resultant distress would result from his conduct.

Prior to the trial of this matter, Plaintiff asked the court to hold Theriot's failure to testify against him, as the Fifth Amendment permits adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them. Baxter v. Palmigiano, 425 U.S. 308, 318-9; 96 S. Ct. 1551, 1557-8 (1976).

The problem here is that the court is disallowing the inference of the defendant's subjective intent to the detriment of the plaintiff herein. This is not the intent of said requirement, as White v. Monsanto Co., 585 So.2d 1205, 1209 (1991) states as follows:

> The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.  Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.  Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.  Not every verbal encounter may be converted into a tort;  on the contrary, "some safety valve must be left through which irascible tempers may blow off relatively harmless steam."  Restatement, supra, comment d, Sec. 46; Prosser and Keaton, The Law of Torts, Sec. 12, p. 59 (5th ed. 1984).

It is this thinking that provides for the negation of liability as shown in requirement (3) that Theriot desired to inflict severe emotional distress or was certain <u>or substantially certain</u> that such distress would result from his conduct. The problem is that the language was not intended to produce this outcome. As White v. Monsanto Co., 585 So.2d 1205, 1210, goes on to state that:

3

> It follows that unless the actor has knowledge of the other's particular susceptibility to emotional distress, the actor's conduct should be judged in the light of the effect such conduct would ordinarily have on a person of ordinary sensibilities.

This shows that an admission by Defendant Theriot that the resultant harm was meant to occur is not necessary, but instead that the rule is intended to be applied to a person of ordinary sensibility and whether said conduct would cause them severe emotional distress is a question of objective reasonableness. The IIED is not outcome determinative because of a subjective and self-serving statement that is made by a defendant.

Plaintiff further argues the inadequacy of the compensatory award, as it is less than any comparable incident in that even the most egregious of the court's referenced quantum citations do not pertain to direct sexual contact, but rather harmful touching without actual sexual intercourse. We believe that the only relatively comparable case sighted by the court is that of Hyde v. Nicholas, 32 Fed. Appx. 127 (5th Cir. 2002) wherein the court awarded plaintiff $50,000.00 despite the fact that no medical or psychological evidence was offered into the record (See Document 86, page 17).

Plaintiff took action against the tortfeasors herein in order to obtain justice via working with the FBI and her attorneys, and, due in large part to her efforts, the Sorrento Police Department was dissolved. Moreover, Defendant Theriot pled guilty to lying to Federal agents and was forced to step down from his position as Chief of Police (See Trial Transcript page 22, line 5- page 23, line 23). These actions clearly led to Plaintiff's severe depression, wherein she attempted to take her own life (See the Trial Transcript page 150, line 21 through page 154, line 9)

CONCLUSION

Concerning the compensatory damages award to Plaintiff Lisa Hernandez made in the above referenced matter and for the reasons as detailed herein, Plaintiff respectfully requests that a motion

4

for new trial be granted as prayed for, or, in the alternative that the Plaintiff's motion for an additur be granted as prayed for.

Respectfully Submitted,

Wilson & Wilson, LLC

/s/ Tregg C. Wilson

Tregg C. Wilson (#27328)

Charles C. Wilson (#13551)

8550 United Plaza Blvd, Suite 702

Baton Rouge, LA 70809

(225) 663-1900

Fax (225) 922-4550

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon all counsel by email, US Mail, and CM/ECF, notification was then sent by said system on this the 29th day of August 2016, to:

Sally Dunlap Fleming

818 Howard Avenue, Suite 305

Baton Rouge, LA 70802

fleminglawfirmnola@gmail.com

-AND-
Scott Thomas
700 N. 10th Street
New Orleans, LA 70113
sthomas@lma.org

/s/ Tregg C. Wilson

**TREGG C. WILSON**

5