UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LISA HERNANDEZ                                                                          CIVIL ACTION

VERSUS                                                                                          14-42-SDD-EWD

EARL THERIOT, ET AL.

### RULING

This matter is before the Court on the *Motion for New Trial or in the Alternative for Additur*[1] filed by Plaintiff, Lisa Hernandez ("Plaintiff"). The Defendants, Earl Theriot and Town of Sorrento ("Defendants") have filed *Oppositions*[2] to this motion. For the following reasons, the Court finds that Plaintiff's motion should be denied.

### I.   FACTUAL BACKGROUND

This matter was tried before the Court, sitting without a jury, on June 6, 2016. On August 1, 2016, the Court issued its *Ruling*[3] and entered *Judgment*[4] in favor of the Plaintiff and against the Defendants, finding the Defendants liable to Plaintiff for violating her rights under 42 U.S.C. § 1983 and for the state law torts of sexual assault and battery. The Court found that Plaintiff failed to carry her burden of proof at trial on her state law claims of false imprisonment and intentional infliction of emotional distress ("IIED"). The Court awarded Plaintiff compensatory damages in the amount of $15,000.00 and punitive

---

[1] Rec. Doc. No. 88. Plaintiff's motion is not for JNOV, and the Court will not address this issue as it would be inapplicable in this case.
[2] Rec. Doc. Nos. 92 & 93.
[3] Rec. Doc. No. 86.
[4] Rec. Doc. No. 87.
35709

damages, to be paid by Defendant Earl Theriot, in the amount of $35,000.00.

Plaintiff now moves this Court for a new trial or, alternatively, for *additur* arguing that Plaintiff met her burden of proof on the IIED claim and that the damages award is inadequate. The Defendants oppose Plaintiff's motion arguing that Plaintiff fails to satisfy the legal standard for a new trial and that *additur* is not a valid remedy in a bench trial or in federal court.

## II.  DISCUSSION

### A. Motion for New Trial and/or To Alter or Amend the Judgment

"In a non-jury case, a district court may grant a new trial when the Court believes that it has committed a 'manifest error of law or fact.'"[5] Trial courts have the power to grant a new trial when the verdict is "against the weight of the evidence,"[6] or when the trial was unfair.[7] Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests with the party seeking new trial.[8]

Unlike the broad discretion Congress has given to district courts when considering a motion for new trial, a motion to alter or amend serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the judgment."[9] There are three

---

[5] *Barthelemy v. Phillips Petroleum Company*, No. 96-2226, 1999 WL 169468 (E.D. La. Mar. 24,1999)(quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)("Motions for a new trial … must clearly establish either a manifest error of law or fact.").
[6] *Gasperini v. Ctr. for Humanities, Inc.* 518 U.S. 415, 433 (1996).
[7] *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir.1989).
[8] *National Union Fire Ins. of Pittsburgh, Pa. v. Puget Plastics Corp.*, 735 F.Supp.2d 650 (S .D. Tex. 2010).
[9] *Knight v. Kellogg Brown & Root Inc.*, 333 Fed. Appx. 1, 8 (5th Cir. 2009).
35709

grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice."[10]

The Court finds that Plaintiff has failed to satisfy the standards set forth above. Plaintiff essentially contends that it was inconsistent for the Court to award punitive damages against Defendant Theriot under Section 1983 but fail to find that Plaintiff had established the third element of her IIED claim. Because the elements of these claims are distinct, and because Plaintiff alleges only her disagreement with the Court and not a manifest legal error, Plaintiff's motion is denied.

In its *Ruling*, the Court noted that punitive damages may be awarded under Section 1983 "only if the official conduct is motivated by evil intent **or** demonstrates the reckless or callous indifference to a person's constitutional rights."[11] For the reasons given, the Court found that Theriot had "engaged in particularly egregious behavior that demonstrated a reckless and callous indifference to Plaintiff's constitutional rights."[12] The Court made no finding of evil motive or intent in making this award. The Court also found that Plaintiff failed to carry her burden on the third element of her IIED claim: that Theriot desired to inflict severe emotional distress on Plaintiff or had knowledge that severe emotional distress would be certain or substantially certain to occur.[13] The Court explained that, although it found that the trial evidence established Theriot's intent to commit the harmful sexual contact, the evidence did not establish Theriot's intent to inflict

---

[10] *Williamson Pounders Architects, PC*, 681 F.Supp.2d 766, 767 (N.D.Miss.2008).
[11] Rec. Doc. No. 86, p. 18 (internal quotations and citations omitted)(emphasis added).
[12] *Id.*
[13] *Id.* at p. 10.

35709

the level of severe emotional distress required under Louisiana law to establish a claim of IIED.  Plaintiff's claim that the Court's ruling is inconsistent is without merit.

### B.  Request for *Additur*

Plaintiff alternatively moves for *additur* arguing that the compensatory damages awarded by the Court were inadequate.  However, the Defendants have correctly pointed out that *additur* is an available remedy for increasing a jury verdict, not a bench verdict as in the present case.  Moreover, "the Supreme Court has held that additur is a violation of the Seventh Amendment, *see Dimick v. Schiedt*, 293 U.S. 474, 486 (1935), and thus this Court is barred from applying such remedy in the present matter."[14]  Even if *additur* was available, such a motion would be denied for the reasons that the Court previously gave in justifying its damages award in this case.  Indeed,

> [a] trial court has much discretion in awarding general damages. *See Holmes v. J. Ray McDermott & Co., Inc.*, 734 F.2d 1119 (5th Cir.1984), La. C.C. Art.1999 ("When damages are insusceptible of precise measurement, much discretion shall be left to the court for the reasonable assessment of these damages."). "The amount of quantum awarded by a trial court is consistently characterized as purely a factual issue under the circumstances of that particular case, entrusted for determination to the great discretion of the trier of fact." *In re Air Crash Disaster Near New Orleans, Louisiana*, 767 F.2d 1151, 1164 n. 11 (5th Cir.1985)(dissenting opinion); *See also, Hyde v. Chevron U.S.A., Inc.*, 697 F.2d 614, 632 (5th Cir.1983).[15]

Based upon the facts and evidence adduced at trial, the Court concludes that its award of damages was not manifestly erroneous or contrary to law.

---

[14] *Roark v. Wal-Mart Louisiana, LLC*, No. 11-701, 2012 WL 1825395 at *3 (E.D. La. May 18, 2012)(citing *Hawkes v. Ayers*, 537 F.2d 836, 837 (5th Cir.1976)("It is well-settled, however, that the Seventh Amendment prohibits the utilization of additur, at least where the amount of damages is in dispute.").
[15] *Bartholemy*, at * 1.

35709

### III.     CONCLUSION

For the reasons set forth above, the *Motion for New Trial or in the Alternative for Additur*[16] filed by the Plaintiff is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>October 24, 2016</u>.

*[signature]*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[16] Rec. Doc. No. 88.

35709