# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

LISA HERNANDEZ                                              CIVIL ACTION

VERSUS                                                      14-42-SDD-EWD

EARL THERIOT, JR., ET AL.

## RULING

This matter is before the Court on the *Motion for Attorneys' Fees and Costs*[1] filed by the Plaintiff, Lisa Hernandez ("Plaintiff").  Defendants, Earl Theriot ("Theriot") and the Town of Sorrento ("Sorrento") or ("Defendants") have filed *Oppositions*[2] to this motion. For the following reasons, the Court finds that Plaintiff's motion should be granted, and the Court will set the attorneys' fees as follows.

## I.    FACTUAL BACKGROUND

This matter was tried before the Court, sitting without a jury, on June 6, 2016.  On August 1, 2016, the Court issued its *Ruling*[3] and entered *Judgment*[4] in favor of the Plaintiff and against the Defendants, finding the Defendants liable to Plaintiff for violating her rights under 42 U.S.C. § 1983 and for the state law torts of sexual assault and battery. The Court found that Plaintiff failed to carry her burden of proof at trial on her state law claims of false imprisonment and intentional infliction of emotional distress ("IIED").  The Court awarded Plaintiff compensatory damages in the amount of $15,000.00 and punitive

---

[1] Rec. Doc. No. 90.
[2] Rec. Doc. Nos. 94 & 95.
[3] Rec. Doc. No. 86.
[4] Rec. Doc. No. 87.
37078

damages, to be paid by Defendant, Earl Theriot, in the amount of $35,000.00.

Plaintiff now moves the Court for an award of attorneys' fees in the amount of $89,510.94 arguing that such an amount is reasonable given the issues involved in the case, the complexity of the litigation, the time spent, and the experience level of counsel. Both Defendants oppose the amount sought, arguing that the fee request is excessive considering it is six times the total damages award, the allegedly inflated hours billed, and the resulting limited success at trial.

## II.   ATTORNEY'S FEES

The general rule in the American legal system is that each party must pay its own attorney's fees and expenses.[5]  Congress enacted 42 U.S.C. § 1988 in order to ensure that federal rights are adequately enforced, providing that a prevailing party in certain civil rights actions, including actions under § 1983, may recover "a reasonable attorney's fee as part of the costs."[6]  However, the statute does not explain what Congress meant by a "reasonable" fee; therefore, the task of identifying an appropriate methodology is left to the courts.

In the Fifth Circuit, the "lodestar" method is used to calculate reasonable attorneys' fees.[7]  The "lodestar" analysis involves a two-step procedure.[8]  Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers.  Then, the court must multiply the

---

[5] *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).
[6] 42 U.S.C. § 1988(b).
[7] *In re Fender,* 12 F.3d 480, 487(5th Cir.1994), *cert. denied*, 511 U.S. 1143, 114 S.Ct. 2165, 128 L.Ed.2d 888(1994).
[8] *Louisiana Power & Light Company v. Kellstrom*, 50 F.3d 319, 323-324 (5th Cir.1995) (citing *Hensley*, 461 U.S. at 433).
37078

reasonable hours by the reasonable hourly rates.[9]  The product is the "lodestar," which the court either accepts or adjusts upward or downward, depending on the circumstances of the case, assessing the factors set forth in *Johnson v. Georgia Highway Express, Inc.*[10]

Considering that the Court entered a judgment favor of Plaintiff, and awarded damages in the total amount of $50,000.00, it is undisputed that Plaintiff is a "prevailing party" under 42 U.S.C. § 1983.   Plaintiff seeks attorney's fees in the amount of $89,510.94.  This amount is opposed by both Defendants.

### A.  The Lodestar Approach

A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.[11] To determine a reasonable fee, a court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.[12] The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."[13]

In assessing the reasonableness of attorneys' fees, the court must first determine

---

[9] *Id.*
[10] 488 F.2d 714, 717–19 (5th Cir.1974).
[11] *Hopwood v. State of Texas*, 236 F.3d 256, 277, n. 79 (5th Cir. 2000); *Hensley v. Eckerhart*, 461 U.S.424, 436–37 (1983).
[12] *Hensley*, 461 U.S. at 437–39; *Associated Builders & Contractors*, 919 F.2d at 379.
[13] *Brantley v. Surles*, 804 F.2d 321, 325–26 (5th Cir.1986).
37078

the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.[14]  The party seeking the fee bears the burden of proof on this issue.[15]

   1.  Reasonable Hours Expended

The Court begins by determining whether the number of hours claimed by Plaintiff's attorneys is reasonable.[16]  Local Rule 54 provides specific guidance regarding how this burden is met, stating: "the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof."[17]  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."[18]

Plaintiff's attorneys have submitted affidavits and exhibits which they claim support an award of $275.00 per hour for attorney Tregg Wilson who represents that he spent a total of 273.4 hours on this case; an award of $275.00 per hour for attorney Charles Wilson who represents that he spent 24 hours on this case; and an award of $200.00 per hour for Brett Robinson who claims he spent a total of 17.5 hours on this case.  Plaintiff's counsel contend that they have spent a total of 314.9 hours in legal work on this case and that the prevailing rate for federal court litigation for attorneys with 15 years of experience

---

[14] *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Associated Builders & Contractors v. Orleans Parish School Board,* 919 F.2d 374, 379 (5th Cir. 1990); *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir.1998); *Kellstrom*, 50 F.3d at 324.
[15] *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324.
[16] *Migis*, 135 F.3d at 1047.
[17] M.D. La. LR54(b).
[18] *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996) (quotation marks omitted); *see also Kellstrom*, 50 F.3d at 324 ("[A] district court may reduce the number of hours awarded if the documentation is vague or incomplete.").
37078

is no less than $275.00 for lead counsel, no less than $275.00 per hour for counsel with 48 years of experience, and at least $200.00 per hour for an attorney with 7 years of experience.

Defendant Theriot contends Plaintiff's counsel's proffered hours expended on this litigation are excessive and inflated.  Theriot points to numerous examples of what he claims is excessive billing.  Theriot argues that it was excessive to bill 7 hours to prepare Plaintiff before her initial meeting with the FBI and that drafting a "simple" civil rights complaint should not have taken an entire work day.  Theriot also points to billing for simple tasks involving basic forms that he argues were better suited for a paralegal.  Not only are the following tasks not those that should be performed by an attorney according to Theriot, but the following tasks also took an excessive amount of time: 1.5 hours for a public records request, 1 hour to prepare two waivers of service, and repeated 0.5 hours attributed to preparing routine enclosure letters.  Theriot takes issue with simple tasks such as reviewing emails or reading notices being billed as 0.2 or 0.5 (sometimes more), when none of these tasks should take more than 0.1 in a billing increment.  Theriot's counsel submits that Plaintiff's attorneys should have been able to accomplish the tasks recorded in approximately 258 hours.

In addition to those items mentioned by Theriot, Sorrento claims that Plaintiff's counsel's billing records reveal several inconsistencies and instances of duplicative billing.  Sorrento points to the denotations by certain billing entries of "CW" and "BR", which it claims often duplicates a repeated billing entry immediately before it.  Sorrento contends that these entries should only be listed by each attorney on their separate billing record, since each may be receiving different rates, and Sorrento argues: "By listing them

37078

in Tregg Wilson's billing records and then repeating them in the entries of Charles Wilson, it appears that the Plaintiff is asking for the Defendant to be charged twice at Tregg Wilson's rate and another time at Charles Wilson's rate for the same work."[19]

Sorrento also notes that Brett Robinson's billing record is denoted with "CW" entirely, which suggests that those entries were incorrectly copied and pasted from Charles Wilson's billing record since the two are exact.  Because none of the work denoted with "BR" has actually been listed on Robinson's billing record, Sorrento claims that one could only conclude the records were copied and pasted.  Furthermore, Sorrento argues that, although Robinson and Charles Wilson billed for the exact same time and subject matter, their total hours conflict and each are wrong after performing the calculations.[20]  Sorrento's calculations support a finding of 274.9 hours for Tregg Wilson, 24 hours for Charles Wilson, and 17.5 hours for Brett Robinson, although Sorrento argues Robinson's billing record should be completely removed since it reflects the same work done by Tregg and Charles Wilson, and he was never enrolled in the case.  Sorrrento also claims that nearly every item billed for Charles Wilson and Brett Robinson was also billed for Tregg Wilson.  For example, both Tregg and Charles Wilson billed 8 hours on "prepared and filed complaint," and 4 hours billed for each for "receipt and review of transcript."  Sorrento joins Theriot's claim that, upon removing excessive billing from Tregg Wilson's records, his hours worked should be reduced to 224.7.  Further, when duplicative billing is removed from Charles Wilson's and Brett Robinson's records, their

---

[19] Rec. Doc. No. 95, p. 5.
[20] Rec. Doc. No. 95, p. 6 lists the entries that Sorrento suggests should be removed from Tregg Wilson's record so they would only be included in the proper attorney's billing record.
37078

total hours are 7.5 and 9.5, respectively.[21]

The Court has carefully reviewed the billing records submitted by Plaintiff's counsel and has considered the arguments of Defendants.  The Court finds that there is evidence of overbilling and duplicative billing in this case.  After careful consideration, the Court agrees with Sorrento's calculations and finds that the appropriate hours billed should be adjusted as follows:  225 hours for Tregg Wilson, 7.5 hours for Charles Wilson, and 9.5 hours for Brett Robinson.

2. <u>Reasonable Hourly Rates</u>

The Court must also determine if the hourly rates of $275/hour for the Wilson attorneys and $200/hour for Brett Robinson are reasonable given counsels' ability, competence, experience, and skill.  Plaintiff contends that Tregg Wilson has at least 15 years of experience and Charles Wilson has 48 years of experience,[22] both having a unique expertise in the field of law enforcement litigation.[23]  Brett Robinson is claimed to have 7 years of experience.  Tregg Wilson attests that he has been lead counsel in numerous civil rights cases in the Eastern District of Louisiana."[24]  Plaintiff presents several cases from the Eastern District of Louisiana approving fees for civil rights attorneys with comparable experience ranging from $250-$420 per hour.  However, the case Plaintiff cited from the Middle District of Louisiana awarded a fee of $225 per hour, not $255 as suggested by Plaintiff.[25]

Both Defendants contend Plaintiff's requested hourly fee rates are excessive.

---

[21] *See* Rec. Doc. No. 94-1.
[22] Rec. Doc. No. 90-1, p. 3, ¶ 9.
[23] Rec. Doc. No. 90-3.
[24] *Id.*
[25] *See Netherland v. City of Zachary, La.*, No. 07-409-JJB, 2009 WL 3257360 at *3 (M.D. La. Oct. 8, 2009).
37078

Relying on *Netherland v. City of Zachary, La.*,[26] Theriot contends the highest hourly rate awarded to lead counsel in a civil rights case is $225/hour, and $150/hour for the less experienced Brett Robinson.[27]   Sorrento also challenges the reasonableness of the requested hourly rates, noting that counsel for Plaintiff failed to attest to their customary billing rates for these types of cases and failed to attach affidavits of other civil rights attorneys practicing in the Middle District.   In contrast to the jurisprudence presented by Plaintiff, Sorrento cites to cases in the Middle District where courts awarded between $150 and $225 to civil rights attorneys practicing more than 25 years.[28]   Thus, Sorrento contends a reasonable rate for Tregg Wilson is between $175-$200/hour, $225 per hour for Charles Wilson (with considerably more experience although not lead counsel), and $125-$150 per hour for Brett Robinson, if the Court finds he should be compensated.

An attorney's reasonable hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[29]   The Fifth Circuit has emphasized that "the relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits."[30]

---

[26] *Id.*

[27] Theriot maintains that Robinson should not be compensated at all because he was never enrolled in the case.  The Court rejects this argument as it is routine for attorneys to work on cases for which they may not be enrolled as counsel but serve as support.

[28] *See Overman v. City of East Baton Rouge*, No. 13-614-SCR, 2015 WL 7459988 (M.D. La. Nov. 24, 2015)(awarded $225/hour to attorney with 32 years' experience in employment discrimination case); *Ball v. Leblanc*, No. 13-368-BAJ, 2015 WL 4454779 (M.D. La. July 20, 2015)(awarded $225/hour to attorney in civil rights abuse case).

[29] *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984); *see also Leroy v. City of Houston*, 906 F.2d 1068, 1078–79 (5th Cir.1990) ("In evaluating an attorneys' fees award, we are guided by the overriding principles that a reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys ...." (quotation marks and alterations omitted)).

[30] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quotation marks omitted).

37078

The party seeking attorney's fees has the burden of producing satisfactory evidence that the requested rate is aligned with the prevailing market rate.[31]  "[A] mere conclusory statement that [a] fee [is] reasonable" is insufficient for calculating the lodestar fee.[32]  Rather, "[t]o inform and assist the court in [determining the reasonable rate]," the fee applicant should produce an affidavit of the attorney performing the work, information of rates actually billed and paid in similar lawsuits,[33] as well as "affidavits of other attorneys practicing [in the community in question]."[34]  In addition to the community rate, "a court considers the attorneys' regular rates" when determining a reasonable rate.[35]

Under the case law considered by the Court,[36] the Court finds that the requested rates of $275 per hour for the Wilson attorneys and $200 for Robinson are slightly high. The Court finds that $250 per hour is a reasonable rate for the services of Tregg and Charles Wilson, and $150 per hour is appropriate for the work of Brett Robinson in light of the prevailing market rates in this district in civil rights cases.

3.  The _Johnson_ Factors

The Court must next consider whether the lodestar calculation should be adjusted upward or downward, depending on the circumstances of the case and the factors set

---

[31] _Kellstrom_, 50 F.3d at 324.

[32] _See Hensley_, 461 U.S. at 440.

[33] _See Blum_, 465 U.S. at 896 n. 11.

[34] _Tollett_, 285 F.3d at 368. _See, e.g., Watkins v. Fordice_, 7 F.3d 453, 458 (5th Cir.1993) (party seeking fees submitted "affidavits from other attorneys in the community showing the prevailing market rates in the community").

[35] _Kellstrom_, 50 F.3d at 328.

[36] _Netherland, supra_.; _Overman v. City of East Baton Rouge_, Civ. A. No. 13-614-SCR, 2015 WL 7459988, *4 (M.D. La. Nov. 24, 2015)(court awarded $225 an hour in an employment discrimination case to an attorney with more than 30 years of experience); _Cole v. Orleans Parish Sheriff's Office_, No. 11-2211, 2013 WL 5557416 at *4 (E.D. La. Oct. 8, 2013)(awarded $250/ hour to attorney in civil rights case with 20 years' experience); _Health Net, Inc. v. Wooley Mitchell_, No. 06–845–D–M2, 2007 WL 3331662, at *3 (M.D.La. Oct.4, 2007) (court found that $250 hourly rate in line with standard billable rate for partner-level attorneys under Louisiana jurisprudence).

37078

forth in *Johnson v. Georgia Highway Express, Inc.*[37]  The twelve factors are: (1) the time

and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to

perform the legal service properly, (4) the preclusion of other employment by the attorney

due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or

contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount

involved and the results obtained, (9) the experience, reputation, and ability of the

attorneys, (10) the "undesirability" of the case, (11) the nature and length of the

professional relationship with the client, and (12) awards in similar cases.[38]

Plaintiff made no reference to the *Johnson* factors in her brief.  Several of these

factors have already been addressed above; however, the Defendants place particular

emphasis on the results obtained and argue that, because Plaintiff only achieved "limited

success,"[39] the award should be adjusted downward by two thirds, or 66%.  Defendants

contend this reduction is appropriate because Plaintiff succeeded in only half her claims

considering the false imprisonment and IIED claims were dismissed.  Theriot notes the

fact that the total damages awarded are 60% less than the claimed legal fees and nearly

six times the amount of compensatory damages awarded.  Further, Theriot points out that

there is no evidence before the Court that Plaintiff's counsel passed on other business to

litigate her case or that this case involved novel or complex legal issues.  The Plaintiff's

success on the merits was impacted by her failure to present medical evidence in support

of her compensatory damages claim.

[37] 488 F.2d 714 (5th Cir.1974). *See Green*, 284 F.3d at 661; *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir.1987).
[38] *Johnson*, 488 F.2d 714, 717–19.
[39] Rec. Doc. No. 83, p. 4.
37078

In *Hensley v. Eckerhart*,[40] the Supreme Court of the United States found that an attorneys' fees and costs award should be reasonable in light of the level of success. The court stated that "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."[41]  However, the *Hensley* Court also held that, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee … In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."[42]

The Court agrees that the attorneys' fee award should be reduced in this case based on Plaintiff's limited success and in light of the damages awarded.  The Court finds that the Plaintiff's success relative to the relief that she sought was limited; however, the Court finds a two-thirds reduction (66%) is too drastic.  Given the amount of damages involved and the limited success achieved, the Court finds that a reduction by one-third (33%) is appropriate.  The Court has also considered the remaining *Johnson* factors and finds that these factors support the one-third reduction.

Therefore, having adjusted the reasonable rate per hour to $250 for the Wilson attorneys and $150 for Robinson, and reduced by one-third (33%), the Court determines that a fee award of $39,899.00 is reasonable compensation for the attorneys' efforts in this case.[43]

---

[40] 461 U.S. 424 (1983).
[41] *Id.* at 440.
[42] *Id.* at 435-436.
[43] The Court performed the following calculations:  225 hours x $250 for T. Wilson resulted in $56,250.00; 7.5 hours x $250 for C. Wilson resulted in $1,875.00; and 9.5 hours x $150 for B. Robinson resulted in $1,425.00.  This fee total is $59,550.00.  A one-third reduction of $59,550.00 is $19,651.50, leaving $39,899.00 in total attorneys' fees.
37078

**B. Costs**

In accordance with Local Rule 54(a), the Court will refer the matter of costs and expenses to the Clerk of Court's Office.

**III.   CONCLUSION**

For the reasons set forth above, the *Motion for Attorneys' Fees and Costs*[44] is GRANTED with respect to attorneys' fees as adjusted by the Court.  The matter of costs and expenses is referred to the Clerk's Office.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>January 19, 2017</u>.


_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[44] Rec. Doc. No. 90.

37078